# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| MAYRA A. JERESANO<br>    Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 4:17-cv-00348 |
| SESCO CEMENT, CORP.<br>    Defendant. | § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL ACTION COMPLAINT

This is an action arising under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §201 *et seq.* ("FLSA"). This action is brought to recover overtime compensation, liquidated damages, costs, and attorney's fees owed to Plaintiff Mayra A. Jeresano ("Plaintiff"), by Defendant Sesco Cement, Corp.

## Parties

1. Plaintiff Mayra A. Jeresano ("Jeresano"), a former employee of Defendant, was personally engaged in interstate commerce during her employment with the Defendant, and is represented by the undersigned.

2. Defendant Sesco Cement, Corp. ("Sesco") is a Texas corporation that employed Plaintiff. With respect to Plaintiff, Sesco is subject to the provisions of the FLSA. Sesco was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had gross annual revenues in excess of $500,000. Sesco may be served through its registered agent Davenport Law Firm, PC at 2009 Lubbock Street, Houston, Texas 77007 or wherever it may be found.

## Jurisdiction and Venue

3. This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendant and Plaintiff transacted business within this judicial district,

and the events underlying this complaint occurred within this judicial district as well. At all times pertinent to this Complaint, Defendant was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet. At all times pertinent to this Complaint, Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s). Additionally, Plaintiff was individually engaged in commerce and her work was essential to Defendant's business. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendant and Plaintiff transacted business within this judicial district and some of the events underlying this complaint occurred within this judicial district. Upon information and belief, Defendant conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

**Factual Allegations**

4. Mayra A. Jeresano was employed by the Defendant as an hourly employee from January of 2015 until January of 2017 in various roles. She functioned in a variety of roles ranging from dispatcher, personal assistant, payroll processing clerk and human resources assistant. Jeresano's duties included, but were not limited to, processing payroll, answering phones, processing new hire packages, dispatching, processing accounts receivable, collecting and dealing with employee issues and complaints. Ms. Jeresano regularly worked more than 40 hours a week throughout her employment with Defendant. Jeresano was paid on an hourly rate basis, but was not paid premium pay for hours worked over 40, and was not paid at all for many of the hours that she worked in excess of 40 per week. In other words, throughout Jeresano's employment with Defendant, Defendant failed to pay her the overtime premium required by the

FLSA and generally failed to pay her anything for hours she worked in excess of 40 per workweek. As far as the hours for which she was paid for hours she worked in excess of 40 per week, she was paid the same hourly rate for all hours she worked, regardless of how many hours she worked in a week.

5. On numerous occasions during Plaintiff's employment with Defendant, she and other employees complained about not being paid for all of the hours they worked, and about not being paid an overtime premium for hours worked in excess of 40 per workweek. The employees repeatedly informed Defendant that it was not complying with the law regarding payment. Despite these numerous notices, Defendant continued to withhold Plaintiff's and her co-workers' rightly earned pay. After the Plaintiff and some of her co-workers refused to continue to work in excess of 8 hours per day when they would not get paid for over 8 hours per working day, they walked off the job in protest. Instead of trying to correct its illegal conduct, Defendant terminated Plaintiff and many of her co-workers for trying to assert their rights to be paid properly as required by the Fair Labor Standards Act.

6. At all times relevant hereto, the Defendant knew of, approved of, and benefited from Plaintiff's regular and overtime work. Plaintiff was not an "exempt" employee.

7. Defendant is liable to Plaintiff under the FLSA for all unpaid wages and overtime compensation as well as for liquidated damages, attorney's fees, out of pocket expenses and costs. Due to the knowing and willful conduct of Defendant in violating the FLSA, Plaintiff is entitled to recover unpaid overtime and liquidated damages for a period of three years prior to her appearance in this matter.

### Plaintiff's Individual Allegations

8. As a non-exempt employee, Plaintiff was entitled to be paid her regular wages

and to be paid an overtime premium for all work performed during the hours worked over 40 hours in each workweek. Defendant failed to pay the Plaintiff the required overtime premium and failed to pay Plaintiff at all for many of the hours she worked in excess of 40 per week in most of the workweeks that Plaintiff worked for Defendant.

9. No exemption excuses the Defendant from paying Plaintiff for all time spent and work performed during the hours she worked, and the Defendant has not made a good faith effort to comply with the FLSA. As such, the Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to Plaintiff. Such practice was and is a clear violation of the FLSA.

## CAUSE OF ACTION

### Violation of the FLSA – Failure to Pay Wages Owed

10. Based on the foregoing, Defendant violated the FLSA by failing to properly compensate Plaintiff for work performed in the employ of the Defendant.

11. Plaintiff has suffered damages as a direct result of Defendant's illegal actions.

12. Defendant is liable to Plaintiff for unpaid regular and overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

### Retaliation

13. When Plaintiff and her co-workers tried to assert their rights under the FLSA to be paid for all the time they worked and to be paid time-and-a-half for all hours worked in excess of 40 per workweek, Defendant terminated their employment. Defendant's actions were in retaliation for the employees' attempts to assert their rights were and a violation of the Fair Labor Standards Act's anti-retaliation provisions. As a result of Defendant's retaliatory actions, Plaintiff suffered actual damages, including but not limited to lost income while she seeks/sought

new employment. Plaintiff is entitled to recover exemplary damages and/or liquidated damages, costs and reasonable and necessary attorney's fees due to Defendant's wrongful conduct.

## **Demand for Jury**

14. Plaintiff demands a trial by jury.

## **Prayer for Relief**

WHEREFORE, Plaintiff demands:

1. Judgment against Defendant for an amount equal to Plaintiff's unpaid overtime wages at the applicable rate;
2. An equal amount to the overtime wage damages as liquidated damages;
3. Damages for retaliation as pled for above;
4. Judgment against Defendant that its violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to amend to add claims under applicable state laws; and
8. For such further relief as the Court deems just and equitable.

                        **THE BUENKER LAW FIRM**

                        */s/ Josef F. Buenker*
                        Josef F. Buenker
                        TBA No. 03316860
                        jbuenker@buenkerlaw.com
                        2030 North Loop West, Suite 120
                        Houston, Texas 77018
                        713-868-3388 Telephone
                        713-683-9940 Facsimile
                        **ATTORNEY-IN-CHARGE FOR**
                        **PLAINTIFF MAYRA A. JERESANO**

**OF COUNSEL:**
Vijay Pattisapu
TBA No. 24083633
S.D. Tex. No. 1829615
vijay@buenkerlaw.com
**THE BUENKER LAW FIRM**
2030 North Loop West, Suite 120

Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile
**ATTORNEY FOR PLAINTIFF**
**MAYRA A. JERESANO**